**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**DONNA J. VAN TASSEL**,

        **Plaintiff,**

v.                               **Civil No. 1:04-CV-00886 (GLS)**

**COUNTY OF COLUMBIA *et. al.*,**

        **Defendants.**

**APPEARANCES:**          **OF COUNSEL:**

**FOR PLAINTIFF:**

Donna J. Van Tassel
*Pro Se*
P.O. Box 802
New Lebanon, New York 12029

**FOR DEFENDANTS:**

No Appearances

**Gary L. Sharpe**
**U.S. District Judge**

## Order

On April 7, 2005, the court ordered *pro se* plaintiff, Donna J. Van Tassel, to appear on April 19, 2005, for a conference concerning the good faith legal and factual bases for the allegations in her proposed amended

complaint.  *See* Fed. R. Civ. P. 11, 37.  One day before the conference, Van Tassel requested an adjournment. *Dkt. No. 10.*  Thereafter, the conference was rescheduled for May 4, 2005.  *Dkt. No. 11.*  On May 3, again one day before the conference, Van Tassel, through Kevin Hall, asked for an additional adjournment due to illness.  *Letter by Kevin Hall dated May 3, 2005.*  The court again rescheduled the conference for October 12, 2005.  *Dkt. No. 12*.  On October 12 at 9:07 A.M., Van Tassel left a voice message advising that she would once again fail to appear. *See Min. Entry, Oct. 12, 2005.*  She subsequently faxed her work schedule, and filed a letter once again seeking an adjournment.  *Dkt. No. 13.*  Accordingly, she has now failed to appear on three (3) separate occasions as ordered by the court.

It is against the court's better judgment to once again permit Van Tassel to violate a court order requiring her appearance without imposing appropriate sanctions.  Nonetheless, the court is concerned that although she has filed her action *pro se*, she apparently continues to seek counsel from Kevin R. Hall, a former lawyer whose license to practice law has been suspended by both New York State and this court.  As this court has warned Van Tassel in the past, *she*, as a *pro se* litigant, is responsible for

2

her case.  If she continues to seek counsel from, and follow the advice of, Mr. Hall, she does so at her own peril.

As the court has further warned in the past, she must obey the Federal and Local Rules.  Furthermore, adherence to Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41.2 is required.  By failing to appear as required, Van Tassel risks the loss of what may be meritorious claims.  While the court certainly understands her need to maintain her livelihood through employment, she must understand that she has initiated civil litigation and is responsible for making court appearances when required.  Accordingly, the court will afford her one last opportunity to do so.

In her letter, she requested an adjournment of at least forty-five (45) days, but provided a work schedule only through November which indicated that she would be working on any day forty-five days or later.  Accordingly, the court schedules the appearance for Monday, November 21, 2005, the latest non-working date in her November calendar.

Accordingly, Van Tassel **SHALL APPEAR ON MONDAY, NOVEMBER 21, 2005, at 11:00 a.m., in Courtroom No. 6, 445 Broadway, Albany, New York, First Floor, South,** for a conference, on

3

the record, so that the court can inquire concerning the good faith legal and factual bases for the allegations in her amended complaint and advise Van Tassel regarding her obligations as a *pro se* litigant; and it is further

**ORDERED** that Donna Van Tassel **SHALL** be prepared to conduct her own case, or if she intends to retain counsel admitted to practice in the Northern District of New York, she **SHALL** do so, and have such counsel file a Notice of Appearance, and appear as scheduled; and it is further

**ORDERED** that to the extent *pro se* plaintiff, Donna J. Van Tassel, possesses originals or copies of documents referenced in her complaint, she is **HEREBY DIRECTED** to bring the following documents with her:

    1. The December 17, 2003, record of stipulation entered before Supreme Court Justice Connor (*see* Compl, ¶ 16);

    2. The affidavits of adoption of the oral stipulation executed by Donna Van Tassel and Darryl Hotaling (Compl., ¶ 17);

    3. The Re-Amended Judgment of Divorce (Compl., ¶ 21);

    4. The order to show cause presented to Family Court Judge Nichols on or about April 20, 2004 (Compl., ¶ 27);

    5. Any order issued by Judge Nichols thereafter, including any "Transfer Order;" (Compl., ¶ 33);

      6.  The order issued by Family Court Judge Czajka requiring production of *pro se* plaintiff, Donna Van Tassel, before him (Compl. ¶ 52);

      7.  The writ of habeas corpus issued by Justice Connor (Compl., ¶ 53); and,

      8.  Any order or other document purporting to transfer jurisdiction from Judge Nichols to Judge Czjaka (Compl., ¶ 53).

**IT IS SO ORDERED.**

**October 13, 2005**
**Albany, New York**

_____
Gary L. Sharpe
U.S. District Judge