**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**DONNA J. VAN TASSEL**,

        **Plaintiff,**

v.                               **Civil No. 1:04-CV-00886**
                                              **(GLS)**

**COUNTY OF COLUMBIA *et. al.*,**

        **Defendants.**

**APPEARANCES:**                  **OF COUNSEL:**

**FOR PLAINTIFF:**

Donna J. Van Tassel
*Pro Se*
P.O. Box 802
New Lebanon, New York 12029

**FOR DEFENDANTS:**

No Appearances

**Gary L. Sharpe**
**U.S. District Judge**

## Decision and Order

### I. Introduction

     As authorized by the Federal Rules and the inherent power of federal courts, this court finally managed to conduct a status and Rule 11

conference on November 21, 2005, in order to ascertain the plaintiff's good faith basis for pursuing claims against certain defendants named in this law suit. *See* FED. R. CIV. P. 11. Therefore, and despite its tortured history, the case is now ready to proceed under the terms and conditions, and subject to the caveats, provisos and admonitions as set forth herein.

## II. **Summary of the Complaints and Prior Proceedings**[1]

On July 27, 2004, plaintiff, Donna J. Van Tassel, filed what was "purported" to be a *pro se* complaint pursuant to 42 U.S.C. § 1983 *et. seq.*, alleging violations of her constitutional rights by various private individuals, and public officials and institutions. She also alleged various supplemental state law claims. *See First Compl., Dkt. No. 1*. Although Van Tassel signed the complaint, she has since admitted in various submissions filed with the court that her complaint was drafted by Kevin R. Hall, a suspended attorney with whom she maintains a relationship.[2] Her amended complaint may have been the by-product of additional legal guidance from another

---

[1] The various problems with this litigation have been detailed in prior court orders, and during a Rule 11 Hearing. *See Dkt. Nos. 4, 8-9, 11-12, 14, & Undocketed Transcript of Rule 11 Proceeding (November 21, 2005) ("Rule 11 Hearing")*. Familiarity with those orders and the proceeding is presumed.

[2] Hall's New York license is currently suspended by the New York Appellate Division, Third Department. Hall was also licensed to practice in the Northern District of New York, but that license has also been suspended. In prior orders, the court has admonished Hall for engaging in conduct tantamount to the unauthorized practice of law.

2

attorney, but the fact remains that no lawyer has filed a notice of appearance on her behalf.  Van Tassel has signed the complaint and following a detailed conversation with the court at the Rule 11 conference, she fully acknowledged and accepted that *she alone* is responsible for the good faith basis of her factual and legal allegations.  Van Tassel's complaint arises out of Columbia County matrimonial and criminal matters involving her.

Consistent with this district's uniform policy, Van Tassel's first *pro se* complaint was reviewed for compliance with Rules 8, 10 and 11 of the Federal Rules of Civil Procedure.  *See First Compliance Order*, *Dkt. No. 4*.  The court cited various legal and factual deficiencies in the complaint, and issued a conditional order of dismissal which permitted Van Tassel to file an amended complaint correcting those deficiencies.  *Id.*  Furthermore, the court found the complaint deficient as to a number of defendants, including, *inter alia*, Paul Czajka, Ken Esrick and Darryl Hotaling.  Accordingly, the court dismissed the complaint as against those defendants.  *Id.*

When Van Tassel filed her amended complaint, she renamed Czajka, Esrick and Hotaling as defendants without judicial permission, and in violation of the order.  *See Amend. Compl. & First Rule 11 Order*, *Dkt. Nos.*

*6, 8*. Furthermore, and particularly as it relates to Czajka, the amended complaint did not correct the deficiencies. Accordingly, the court scheduled a Rule 11 conference with Van Tassel to discuss her complaint, and the good faith factual basis for her allegations and legal conclusions. *Id.* Over the next seven months, Van Tassel repeatedly delayed her required appearance with last minute phone calls or letters seeking adjournments, or attempts by Mr. Hall to intercede on her behalf.[3] Finally, she appeared on November 21, 2005. *See Dkt. No. 16*.

At her appearance, she produced several documents referenced in her complaint, and an affidavit obviously not prepared by her. *See Van Tassel Aff., Dkt. No. 15*. Furthermore, she responded to a series of factual inquiries by the court, and acknowledged her familiarity with, and responsibility for, various rules covered by the Federal Rules of Civil Procedure, this District's Local Rules, and federal law.

## III.  **The Amended Complaint**

The sole question before the court is whether Van Tassel's amended complaint has cured the deficiencies recited in the First Conditional Order

---

[3]Mr. Hall has been consistently told that he may not appear on Van Tassel's behalf whatsoever, and the court will not communicate with him. His license to practice has been suspended, and the court will not countenance, nor participate in, his repeated efforts to engage in what the court deems to be the unauthorized practice of law.

4

of Dismissal regarding Paul Czajka, Ken Esrick and Darryl Hotaling.  In other words, has Van Tassel demonstrated a good faith factual and legal basis sufficient to survive Rule 11 scrutiny?  The court answers in the affirmative as to Esrick and Hotaling, albeit on a very limited basis, but in the negative as to Czajka.

The court begins its analysis with some preliminary, but fundamental observations.  The *sole* bases for federal jurisdiction are Van Tassel's 42 U.S.C. § 1983 *et. seq.* claims.  Absent federal jurisdiction over a given defendant, Van Tassel's supplemental state law claims are meaningless, and afford no basis for federal jurisdiction.  Thus, assuming some legal merit to those supplemental claims as to which the court expressed doubt during the Rule 11 hearing, the claims do not survive unless the court has jurisdiction over a defendant on a federal claim.

By the same token, if there is a factual basis to support any single federal claim, it is unnecessary at this stage of the litigation to resolve the substantive merits of either the supplemental state, or other federal claims.  That decision may appropriately await a motion to dismiss or one for summary judgment.  This observation is apropos because it is clear that neither Van Tassel, nor Mr. Hall whose advice Van Tassel elects to accept

5

(*see Van Tassel Aff., Dkt. No. 15*), understands certain fundamental principles of § 1983 law.  For example, she asserts that Columbia County had a "municipal policy" of "supporting" Hotaling.  Obviously, the simple recital of the municipal policy mantra does not alone give rise to § 1983 liability.  Liability is premised on a policy implicating a civil right (e.g., a policy of condoning excessive force), not a policy of supporting a private actor unrelated to that civil right (e.g., paid informer).  In any event, the court need not engage in further analysis at this stage of the litigation.

As to Esrick and Hotaling, the court is persuaded that the amended complaint survives Rule 11 scrutiny for the following reason.  Reading the amended complaint as broadly as the court is able, Van Tassel asserts that on April 20, 2004, her Fourth Amendment rights were violated when Deputy Shufelt falsely arrested her and used excessive force, and permitted the private actor, Hotaling, to illegally search her home.  *See Amend. Compl., ¶¶ 61-85*.  According to Van Tassel, those events occurred in response to an order issued by Columbia County Family Court Judge Nichols who is not a defendant in this litigation.  Furthermore, Van Tassel asserts that Judge Nichols' order would not have been issued had he not been presented with false information by Esrick and Hotaling.

6

Those allegations are factually sufficient to allege private interaction with a state actor leading to constitutional violations. Accordingly, and because Van Tassel has asserted that she possesses a good faith basis for her factual recitation, the federal claim survives.[4]

As to Judge Czajka, there are no facts to support Van Tassel's bald conclusions concerning any personal or conspiratorial role he may have played in a violation of any of her constitutional rights as asserted in the amended complaint. First of all, a complaint containing only conclusory, vague, or general allegations that a defendant has conspired to violate a plaintiff's civil rights is insufficient unless it is amplified by *specific* instances of misconduct. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). When evaluating a plaintiff's allegations, the court is not required to stick its head in the sand like the proverbial ostrich. Thus, it may evaluate unreasonable inconsistencies, improbabilities, and meaningless conclusions that have no substantiated support from the facts or other sources. *See Jeffreys v. The City of New York*, 426 F.3d 549, 551 (2d Cir. 2005). The court provided Van Tassel with every reasonable

---

[4] Naturally, the court has already warned Van Tassel about her liability for false allegations should there be no good faith basis for her factual recitation.

7

opportunity to provide a factual basis for her conclusions, and she has failed to do so on every occasion.  *See Undocketed Rule 11 Hring. Transcript; Van Tassel Aff, Dkt. No. 15; Amend. Compl.*  It is clear that she is unhappy and agitated with Judge Czajka as a result of her Family Court experiences, but those experiences have nothing to do with any viable § 1983 claims in her amended complaint.  This court explained the concept of judicial immunity in its original compliance order.  *See Dkt. No. 4.*  The amended complaint recites nothing more than bald conclusions based on facts that do not hold water, and it adds nothing that causes the court to alter its observations in its original order.  In other words, there are no good faith facts articulated by Van Tassel that support her legal conclusions regarding a *federal* claim against Judge Czajka.

Given her amended complaint, affidavit and statements during the Rule 11 hearing, Van Tassel believes that she was unfairly treated by Judge Czajka during her long history of Family Court appearances.  However, as the court has noted, Judge Czajka is judicially immune regarding those events.  Nonetheless, Van Tassel concludes that Judge Czajka "conspired" with others to violate her federal civil rights.  However, there are no facts that demonstrate any participation by Judge Czajka in

8

those few events recited in the complaint that might support a *federal constitutional* claim.

The earlier referenced events of April 20, 2004 were precipitated by the order of Judge Nichols, *not* Judge Czajka.  Not one fact is alleged in the complaint, Van Tassel's affidavit or her Rule 11 statements which demonstrates any involvement by Judge Czajka in Judge Nichols' order.

In her seventh cause of action, *see Amend. Compl., ¶¶ 104-108*, Van Tassel claims that Judge Czajka illegally detained her in violation of her constitutional rights.  Again, this is a bald conclusion with no factual support whatsoever.  At the Rule 11 conference, Van Tassel agreed that as a result of the April 20 events, she was arrested for various criminal charges, arraigned before a local judge and remanded to the Columbia County Jail for failure to post bail.  While she was incarcerated on the criminal charges and before she posted bail, she appeared before Judge Czajka in family court.  At the conclusion of that proceeding, she was returned to jail.  On those facts, Van Tassel was unable to explain how Judge Czajka had the authority to do anything other than return her to jail since she was incarcerated on another judge's order.  Without any factual basis to support her assertion, she concludes that Judge Czajka illegally detained her.

9

Her third federal claim is that while Deputy Sheriff Cordato was working an official security detail at Family Court, he used excessive force when removing her from the building.  *See Amend. Compl., ¶¶ 86-91.*  As with the other two claims, she baldly asserts that Cordato engaged in this behavior "at the direction of Judge Czajka."  At the Rule 11 hearing, Van Tassel admitted that she possessed no facts demonstrating that Cordato used the force at the direction of Judge Czajka or, for that matter, that Judge Czajka was personally involved in any way.  Instead, she insists that Judge Czajka engaged in repeated activity *as a Family Court Judge that violated her rights under New York's Family Court Law*, and therefore "conspired with Cordato" to use excessive force.  Such a conclusion has no basis in reason or fact, and is legally insufficient to allege a civil rights conspiracy, especially since Judge Czajka enjoys judicial immunity regarding the Family Court matters.

Accordingly, and for the reasons stated, Van Tassel's action may proceed against the defendants named in her amended complaint, except for Judge Czajka.

## IV.  Caveats, Provisos and Admonitions

The court has repeatedly admonished Van Tassel that she is

10

responsible for complying with all Local and Federal Rules, and statutes. The court will not countenance her future failure to comply, and has already stated that it will impose sanctions if it finds intentional disobedience. The court incorporates the provisions in all prior orders in this admonition, but repeats several that follow:

   (1) As a *pro se* litigant, Ms. Van Tassel has every right to prosecute her own case, but she may not be represented by an unlicensed attorney. The court will not communicate with Mr. Hall, nor will it condone his repeated efforts to engage in the unauthorized practice of law. As the court has admonished in the past, it may well be in Ms. Van Tassel's best interest to seek the representation of an attorney licensed to practice in the Northern District of New York. However, and until a notice of appearance is filed by an authorized attorney, she is responsible for prosecuting her complaint.

   (2) Ms. Van Tassel must appear when, and as required, by the court. The court cannot, and will not, conduct official business according to Ms. Van Tassel's schedule. The court will not entertain any late adjournment requests, telephonically communicated before a scheduled appearance. Any request of the court must be in writing, and filed sufficiently in advance

11

of the subject of the request, to permit the court to carefully consider it.

(3) Any failure to diligently prosecute this action constitutes grounds for dismissal pursuant to Rule 41 of the Federal and Local Rules.

(4) As Ms. Van Tassel has readily acknowledged, she is personally responsible for the good faith basis for all factual and legal assertions in any documents filed with the court.  The court will not condone any behavior, the purpose of which is to harass others, or purposely prolong this litigation, or which is taken in bad faith.  Consistent with its prior warnings, should the court conclude that such behavior has occurred, it will impose sanctions.

Furthermore, Van Tassel has asserted a claim against a "John Doe" defendant, and should note that it is impossible to effect service of process on a "John Doe."  Accordingly, if she wishes to pursue this claim against this defendant, she shall take reasonable steps to ascertain his identity. She may then file a motion to amend her complaint and seek leave of the court to add such individual, by name, as a defendant to this lawsuit. Plaintiff is further advised that if this individual is not timely served, this action will be dismissed as against that defendant.

Because of the court's involvement in the early stages of this litigation

12

and the need to orderly control its progress, the court revokes the earlier General Order # 25 co-designation of Magistrate Judge Treece, and co-assigns no Magistrate Judge.  This court will conduct and monitor all pretrial proceedings, including the Rule 16 conference.  The Clerk shall issue a General Order # 25 Order consistent with this directive.

## IV.  **Conclusion**

Accordingly, and for the reasons recited, it is hereby **ORDERED AS FOLLOWS:**

1.  The claims against the defendant Czajka are dismissed;

2.  The Clerk shall amend the Court's docket to reflect the caption and parties as listed on the amended complaint filed herein, except that the Clerk **shall strike Paul Czajka** as a defendant;

3.  The plaintiff shall take reasonable steps to ascertain the identity of the defendant designated as "John Doe" and, if appropriate, seek leave of this Court to add the individual to this action by name;

4.  The Clerk shall issue summonses and forward them, along with a copy of the amended complaint and an amended General Order 25 altered in compliance with this order, to plaintiff who **shall serve the amended complaint, a copy of General Order # 25, and a copy of this order** on

13

the defendants in accordance with the expedited service requirements of General Order # 25 (**within 60 days**), and otherwise in compliance with the Federal Rules of Civil Procedure;

    5.  The parties shall comply with General Order # 25, which sets forth the Civil Case Management Plan used by the Northern District of New York;

    6.  All pleadings, motions and other documents relating to this action shall be filed with the Clerk of the United States District Court, Northern District of New York, 5th Floor, James T. Foley Federal Building and Courthouse, 445 Broadway, Albany, New York 12207.  **Any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of same was mailed to all opposing parties or their counsel.  Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy of same was served upon all opposing parties or their attorneys is to be returned without processing.**  Motions normally made to the co-assigned Magistrate Judge must comply with Local Rule 7.1 and other rules of the Northern District of New York, and are to be made returnable before Judge

14

Sharpe.  **Plaintiff is also required to promptly notify the Clerk's Office of any change in her address; her failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.

**SO ORDERED.**

Dated: December 8, 2005
       Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge