**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**DONNA J. VAN TASSEL**,

                **Plaintiff,**

      v.                                  Civil No. 1:04-CV-00886
                                              (GLS)

**COUNTY OF COLUMBIA *et. al.*,**

                **Defendants.**

**APPEARANCES:**                    **OF COUNSEL:**

**FOR PLAINTIFF:**

Donna J. Van Tassel
*Pro Se*
2206 Chaney Drive
Unit 261
Ruskin, Florida 33570

**FOR DEFENDANT DARRYL**
**HOTALING:**

David S. Michaels, Esq.
1028 Route 203 at Beall Road
P.O. Box 96
Spencertown, New York 12165

**FOR DEFENDANTS COLUMBIA**
**COUNTY *ET. AL.*:**

Frederick F. Shantz, Esq.
26 Century Hill Drive

Suite 202
Latham, New York 12110

**FOR DEFENDANT KEN ESRICK:**

Fred Hutchinson, Esq.
24 Aviation Road
Albany, New York 12212-5056

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I.     Introduction

On February 9, 2006, defendants Shook, Shufelt, Cordato, Columbia County and Columbia County Sheriff's Department filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12.  For the reasons that follow, the motion is granted in part and denied in part.

## II.     Background

Donna J.Van Tassel filed this lawsuit alleging violations of her constitutional rights by various defendants pursuant to 42 U.S.C. § 1983 and supplement state claims.[1]  The original response on this motion was due on March 6.  *Dkt. No. 19*.  On March 3, Van tassel requested more time to respond to the motion.  *Dkt. No. 25.*  On March 8, the court

---

[1] The court has previously summarized Van Tassel's complaint. *See Dkt. No. 17.*

2

permitted Van Tassel time to obtain representation until April 10 and extended the time to respond until May 10. *See Min. Entry dated 03/08/06.* On May 17, this court ordered Van Tassel to explain why she failed to file a response. *Dkt. No. 37.* On May 31, 2006[2], Van Tassel filed a letter requesting more time to file her response. *Dkt. No. 38.* On June 26, Van Tassel again asked for more time to file a response. *Dkt. No. 41.* To date, the court has not received a response from Van Tassel. Regardless, the court will resolve the motion to dismiss without the benefit of Van Tassel's response.

### III.  Facts[3]

On March 29, 2004, Van Tassel contends that while she was innocently at the Columbia County Courthouse as a spectator, Deputy Sheriff Cordato used excessive force when removing her from the building. *See Am. Compl. ¶86-91.*

On April 20, 2004, Van Tassel claims that her Fourth Amendments rights were violated when Deputy Shufelt falsely arrested her and used excessive force, and permitted a private actor, Hotaling, to illegally search

---

[2] The letter was actually dated May 31, 2005.

[3] The facts in this section are relevant for the motion to dismiss.

3

her home. *Am. Compl. ¶ 61-85.* According to Van Tassel, those events occurred in response to an order issued by Columbia County Family Court Judge Nichols who is not a defendant. Van Tassel further asserts that Columbia County had a "municipal policy" of "supporting" Hotaling. *See Am. Compl. § 114.* On April 21, 2004, Van Tassel filed a notice of claim with the county. *See Am. Compl. § 57.*

### IV. Discussion

### A. Notice of Claim Requirement

Under New York General Municipal Law, a plaintiff seeking to sue a New York municipality or its employees arising out of alleged state law torts, must file a notice of claim within ninety days after the claim arises and to submit to an examination if one is demanded. N. Y. Gen. Mun. § 50-i(1).[4]

In this case, defendants contend that Van Tassel's state law claims are barred because she failed to submit to an examination. Moreover, they

---

[4]New York General Municipal Law § 50-i(1) in relevant part states:
No action ⋯ shall be prosecuted or maintained against a city, county, town, village ⋯ for personal injury ⋯ alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, village⋯unless, (a) a notice of claim shall have been made and served upon the city, county, town, village ⋯ in compliance with section fifty-e of this chapter, ⋯ and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based ⋯.

contend that the claims are also time barred because by the time the complaint was served, the statue of limitations had expired.

As mentioned, Van Tassel never responded to this motion. However, in a letter submitted to the court on May 31, 2006, she indicated that if she missed a hearing it was because her attorney, at the time, told her that there were problems with knowing who was representing the county and the hearing was put off. At this juncture, the court will not dismiss the state claims, since a question of fact remains as to what actually transpired. Moreover, the court will deem her complaint filed on the date she filed her original complaint, accordingly, defendants' motion to dismiss the state claims is denied.

**B.    Personal Involvement**

Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law. *See* 42 U.S.C. § 1983. Thus, "the doctrine of *respondeat superior* cannot be used to establish liability under Section 1983." *Blyden v. Mancusi,* 186 F.3d 252, 264 (2d Cir. 1999) (emphasis added). "[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations

5

merely because he held a high position of authority." *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir. 1996).

In this case, Van Tassel contends that Shook is liable for the actions taken by Deputy Shufelt through *respondeat superior*. As stated, this alone cannot be a basis for holding Shook liable. However, at this junction, the court cannot determine whether or not Shook was actually involved. Accordingly, defendants' motion to dismiss as to Shook's personal involvement is denied with leave to renew.

**C.     Monell**

A municipality may be held liable under §1983. *See Monell v. Dep't of Soc. Services,* 436 U.S. 658 (1978). However, under *Monell*, a municipality "may not be held liable under §1983 simply for the isolated unconstitutional acts of its employees.... In order to impose § 1983 liability upon a municipality, a plaintiff must demonstrate that any constitutional harm suffered was the result of a municipal policy or custom." *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir.1992) (internal citations omitted). "Liability of a municipal defendant or an individual sued in his official capacity under §1983 cannot, however, be premised on a

6

theory of *respondeat superior*." *Patterson*, 375 F.3d at 226 (citation omitted).

At this junction, without any development of the record by discovery, the court denies the defendants' motion to dismissed for failure to allege a *Monell* claim. While the complaint is not a model of clarity, at this junction, it is sufficient. Accordingly, defendants' motion to dismiss the *Monell* claim is denied with leave to renew on a more complete record.

### D. Failure to state a claim

Although, the complaint is not a model of clarity, the court will not dismiss Van Tassel's cause of action under either 42 U.S.C. §§1983 and/or 1985. It is premature as this time, without the any development of the record, to dismiss this action for failure to state a claim. Accordingly, defendants' motion to dismiss the complaint for failure to state a claim is denied.

### E. Dismissal of Sheriff's Department

Under New York law, a county is a municipal corporation capable of bringing suit and being sued. *See* N.Y.Gen.Mun.Law § 2 (McKinney 1986). "A police department is an administrative arm of the municipal

7

corporation." *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y.1999) (citation omitted).  As such, "a police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Id.* at 198.  Accordingly, defendants' motion to dismiss the Sheriff's department is granted.

Wherefore, it is hereby

**ORDERED**, that defendants' motion to dismiss the Sheriff's Department is **GRANTED**; and it further

**ORDERED**, that the motion to dismiss is **DENIED** on all other issues with leave to renew on a more complete record; and it is further

**ORDERED**, that the Clerk of the Court provide a copy of this order to all parties.

September 21, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge