**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**DONNA J. VAN TASSEL**,

        **Plaintiff,**

    v.                               Civil No. 1:04-CV-00886 (GLS)

**COUNTY OF COLUMBIA *et. al.*,**

        **Defendants.**

**APPEARANCES:**         **OF COUNSEL:**

**FOR PLAINTIFF:**

Donna J. Van Tassel
*Pro Se*
2206 Chaney Drive
Unit 261
Ruskin, Florida 33570

**FOR DEFENDANT DARRYL HOTALING:**

David S. Michaels, Esq.
1028 Route 203 at Beall Road
P.O. Box 96
Spencertown, New York 12165

**FOR DEFENDANTS COLUMBIA COUNTY *ET. AL.*:**

Frederick F. Shantz, Esq.
26 Century Hill Drive

Suite 202
Latham, New York 12110

**FOR DEFENDANT KEN ESRICK:**

Fred Hutchinson, Esq.
24 Aviation Road
Albany, New York 12212-5056

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

On September 15 and 21, 2006, defendant Hotaling and the Columbia County defendants, respectively, filed letter-motions to dismiss Van Tassel's complaint for failure to comply with this court's discovery orders. *Dkt. Nos*. 44, 46. Van Tassel, who moved to Florida in the midst of this litigation, has not responded to the motions nor has she communicated with the court to express her objection or offer some explanation for her continued and contumacious failure to repeatedly disobey this court's numerous orders. Because of Van Tassel's continued, and well-documented failure to comply with this court's orders, the court dismisses her complaint.

The procedural and substantive history of this case has been

exhaustively recited in the past. (See previously issued orders: *Decision and Order* dated December 8, 2005, *Dkt. No.* 17; *Decision and Order* dated October 13, 2005; *Dkt. No.* 14; *Decision and Order* dated April 27, 2006, and *Decision and Order* dated September 21, 2006; *Dkt. No.* 45.)

On April 27, 2006, this court conducted an in person conference with Van Tassel and other parties, and: carefully explained Van Tassel's responsibilities to her; explained that dismissal would result if she continued to disobey the court's orders; encouraged her to consult with licensed counsel; consulted the parties regarding a firm and fixed schedule for discovery; and issued an order instituting explicit dates[1] for all deadlines in this case. *Dkt. No.* 32. In that order, the court again warned that "refusal to comply with legitimate discovery requests may subject the contumacious party to sanctions." *Id.* "District courts have broad powers to impose Rule 37(b)[2] sanctions in response to abusive litigation practices." *Friends of Animals Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (citation omitted).

---

[1] Written discovery due June 2, 2006; Responses to written discovery due July 14; dispositive motions due by November 13.

[2] Rule 37(b)(2) provides, in pertinent part, "If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just ... [including] [a]n order ... dismissing the action or proceeding...."

3

"It is well settled law in this Circuit that 'dismissal under Fed.R.Civ.P. 37 is a drastic remedy which should be imposed only in extreme circumstances.'" *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir.1986) (citation omitted); *see also Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). Moreover, "the severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) (citation omitted). "[A]ll litigants, including *pro ses*, have an obligation to comply with court orders." *Id.* (citation omitted). Furthermore, "[w]hen a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir. 1991) (citation omitted).

The court may also impose sanctions for failure to obey scheduling orders. *See* FED.R.CIV. P.16(f). And under Rule 41(b) which provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an

4

action...." FED.R.CIV.P. 41(b).³  It is within the court's sound discretion to dismiss for want of prosecution. *See Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981).  "[I]nvoluntary dismissal is a specific sanction for the failure to prosecute, or to comply with rules and court orders, and [can be] imposed pursuant to Rule 41 itself, or by virtue of the court's inherent power to sanction."  *Carmona v. Wright*, 233 F.R.D. 270, 274 (N.D.N.Y.2006) (Full discussion of the court's sanctioning authority).

 While the court is well aware that dismissal is a sanction of last resort, it has considered all the factors necessary under Rules 16, 37 and 41, and concludes that dismissal is appropriate.  Van Tassel has moved to Florida and refused to participate in the discovery process as ordered by this court in April 2006.  She has repeatedly violated this court's orders.  Mindful of her *pro se* status, the court has declined to impose sanctions.  During the most recent proceeding, the court told Van Tassel that further violations of court orders were not going to be tolerated and reminded her

---

³The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action under Rule 41(b):(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.  *Shannon v. GE Co.* 186 F.3d 186, 193 (2d Cir.1999) (citation and internal quotation marks omitted).

that she was responsible for obeying the rules of the court. *See Minute Entry dated 3/08/2006; Dkt. No.* 26. Van Tassel has been repeatedly warned by various orders, and in person, of her obligation to obey this court's orders throughout the almost three years this case has been pending. Now, she has failed to comply with explicit directions concerning her obligation to respond to discovery requests.

The court has complied with the Circuit's directions to treat Van Tassel, as a *pro se* litigant, with the greatest solicitude possible. In fact, this court would never permit any other represented litigant to abuse the court and adversaries as Van Tassel has done in this case. While less harsh options might be available for an abuse of discovery, there is no option short of dismissal given Van Tassel's history of abuse, disobedience of court orders, and failure to prosecute. Given Van Tassel's consistent noncompliance and routine disregard for the court's authority, and given the authority of the Federal Rules and the court's inherent power, it orders this action dismissed.

Wherefore, it is hereby

**ORDERED**, that defendants' motion to dismiss the complaint is GRANTED; and it is further

6

**ORDERED**, that the Clerk of the Court provide a copy of this order to all parties.

May 15, 2007
Albany, New York

                                             _____
                                             Gary L. Sharpe
                                             U.S. District Judge